IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

_____

HELPING HANDS HOME
IMPROVEMENT, LLC, individually
and on behalf all others similarly situated,

      Plaintiff,

v.

SELECTIVE INSURANCE COMPANY
OF SOUTH CAROLINA, MESA
UNDERWRITERS SPECIALTY INSURANCE
COMPANY, SELECTIVE INSURANCE
COMPANY OF AMERICA, SELECTIVE
INSURANCE COMPANY OF THE
SOUTHEAST, SELECTIVE WAY INSURANCE
COMPANY, SELECTIVE CASUALTY
COMPANY, and SELECTIVE FIRE AND
CASUALTY COMPANY,

      Defendants.

Civil Action No. 3:20-cv-00092
JURY DEMANDED

Magistrate Judge Frensley

_____

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**
_____

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiff Helping Hands Home Improvement, LLC, on behalf of itself and the proposed Settlement Classes ("Plaintiff"), respectfully moves for an order certifying settlement classes solely for purposes of preliminarily approving a settlement agreement, and further ordering preliminary approval in accordance with the terms and conditions set forth in the proposed preliminary approval order, attached as Exhibit A to the Settlement Agreement filed concurrently herewith.

Defendants Selective Insurance Company of South Carolina (hereinafter "SICSC"), Mesa Underwriters Specialty Insurance Company ("Mesa"), Selective Insurance Company of America ("SICA"), Selective Insurance Company of the Southeast ("SICSE"), Selective Way Insurance Company ("SWIC"), Selective Casualty Company ("SCA"), and Selective Fire and Casualty Company ("SFCC") (collectively "Defendants") will not oppose this motion for approval of a settlement.[1] For purposes of preliminarily approving the Settlement Agreement only, Plaintiff seeks certification of Settlement Classes defined as follows:

> [A]ll Class Members within the Tennessee Settlement Class, Kentucky Settlement Class, Ohio Settlement Class, South Carolina Settlement Class or Illinois Settlement Class, but excluding (i) Policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor"; (ii) Policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) Policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendants and their officers and directors; (v) Members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi)Class Counsel and their immediate families.
>
> The "Tennessee Settlement Class" means:
>
> [E]xcept for Exclusions, all policyholders under any personal lines or commercial lines insurance policy issued by one of the Defendants and who made: (a) Structural Loss claim for property located in the State of Tennessee during the applicable Class Period as defined in Section 2.11; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> The "Kentucky Settlement Class" means:
>
> [E]xcept for Exclusions, all policyholders under any personal lines or commercial lines insurance policy issued by one of the Defendants and who made: (a) Structural

---

[1] As Paragraph 15.1 of the Settlement Agreement makes clear, however, Defendants deny liability and, absent settlement, intend to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

2

Loss claim for property located in the State of Kentucky during the applicable Class Period as defined in Section 2.11; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The "Ohio Settlement Class" means:

[E]xcept for Exclusions, all policyholders under any personal lines or commercial lines insurance policy issued by one of the Defendants and who made: (a) Structural Loss claim for property located in the State of Ohio during the applicable Class Period as defined in Section 2.11; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The "South Carolina Settlement Class" means:

[E]xcept for Exclusions, all policyholders under any personal lines or commercial lines insurance policy issued by one of the Defendants and who made: (a) Structural Loss claim for property located in the State of South Carolina during the applicable Class Period as defined in Section 2.11; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The "Illinois Settlement Class" means:

[E]xcept for Exclusions, all policyholders under any personal lines or commercial lines insurance policy issued by one of the Defendants and who made: (a) Structural Loss claim for property located in the State of Illinois during the applicable Class Period as defined in Section 2.11; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The Class Period is defined in Paragraph 2.32 of the Settlement Agreement and varies for each state based upon the differences in the limitations periods for the various states and the timing of the filing of the First Amended Complaint adding Kentucky, Ohio, South Carolina, and Illinois as additional states.

Also, for purposes of preliminarily approving the Settlement Agreement, Plaintiff further requests that it be appointed class representative, and that the undersigned counsel be appointed as counsel for the class. In support of its motion, Plaintiff states and shows as follows:

3

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for preliminary approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement classes because the parties' counsel estimate that notice will be issued for approximately 5,367 claims at issue or potentially at issue, and multiple class members (*e.g.*, spouses) can share a single claim.

3. Commonality under Rule 23(a)(2) is satisfied for the proposed settlement classes because there are questions of law or fact common to all members of the proposed classes including but not limited to the single, predominating question presented—whether Defendants can withhold labor as depreciation under its property insurance policies. Plaintiff and the putative class members' entitlement to prejudgment interest also presents a common issue.

4. Typicality under Rule 23(a)(3) is satisfied for the proposed settlement classes because Plaintiff and the putative class members made claims under their standard-form insurance policy, and Defendants withheld labor or other non-materials in making an actual cash value payment to them. The proposed class representative's claims arose from the underpayment of its actual cash value claims, and its claims are identical in all material respects to the claims of the putative classes.

5. Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement classes because Plaintiff has fairly and adequately represented and protected the interests of the putative

4

Case 3:20-cv-00092 Document 56 Filed 12/22/21 Page 4 of 9 PageID #: 286

classes. Plaintiff has no interest that conflict with those of the classes. Further, it retained experienced counsel competent and experienced in class action and insurance litigation.

6. As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendants' policies. Superiority is satisfied for the settlement classes because of, *inter alia*, the thousands of small value claims at issue, and the interests of the parties and judicial economy favor settlement.

7. Pursuant to the 2018 amendments to Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving parties demonstrate that the court will "likely be able to" grant final approval to the settlement. These amendments codify existing practice.

8. Pursuant to Rule 23(e)(3), Plaintiff states that the only agreement at issue is the Class Action Settlement Agreement, attached hereto as **Exhibit 1**.

9. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, No. 17-2137, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018).

5

10. As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for preliminary approval. In summary, the Settlement provides the following categories of relief:

**Tennessee, Kentucky, and Ohio Settlement Class Members With Still Withheld Nonmaterial Depreciation**: Subject to the terms, limits, conditions, coverage limits, and deductibles of policies, Tennessee, Kentucky and Ohio Class Members from whom Nonmaterial Depreciation was withheld and not subsequently recovered, and who submit a timely filed Claim Form, will receive a payment equal to 100% of the withheld Nonmaterial Depreciation, plus interest at the rate of 5% per annum from the date of the first ACV Payment to the date of Preliminary Approval. Settlement ¶¶ 4.1.1; 6.4.

**South Carolina and Illinois Class Members With Still Withheld Nonmaterial Depreciation**: Subject to the terms, limits, conditions, coverage limits, and deductibles of policies, South Carolina and Illinois Class Members from whom Nonmaterial Depreciation was withheld and not subsequently recovered, and who submit a timely filed Claim Form, will receive a payment equal to 80% of the withheld Nonmaterial Depreciation, plus interest at the rate of 5% per annum from the date of the first ACV Payment to the date of Preliminary Approval. Settlement ¶¶ 4.1.3; 6.5.

**Tennessee, Kentucky, Ohio, South Carolina, and Illinois Class Members Without Still Withheld Nonmaterial Depreciation**: For Tennessee, Kentucky Ohio, South Carolina, and Illinois Class Members for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid (*i.e.*, through receipt of replacement cost benefits), such persons will receive a one-time payment calculated on the scale set forth below in lieu of interest accruing on the amounts of Nonmaterial Depreciation withheld for the time until the date all Nonmaterial Depreciation was paid:

<u>Interest Payment</u>

| <u>Amount of Non-Material Depreciation Withheld</u> | |
|---|---|
| $500 or below | $10 |
| Up to $1,000 | $20 |
| Up to $5,000 | $50 |
| Up to $10,000 | $100 |
| Greater than $10,000 | $125 |

11. The proposed settlement classes do not include any policyholder that is ineligible for a payment under this Settlement Agreement. In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit (*i.e.*, the systemic practice of withholding

6

of nonmaterial depreciation) and without giving up any claims or arguments unrelated to the subject matter of this lawsuit. All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

12. The settlement was reached through arms-length settlement negotiations, as attested to by Plaintiffs' counsel in the accompanying Declarations, attached hereto as follows:

**Exhibit 2** – December 17, 2021 Declaration of J. Brandon McWherter

**Exhibit 3** – December 17, 2021 Declaration of T. Joseph Snodgrass

**Exhibit 4** – December 17, 2021 Declaration of Erik D. Peterson

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum of Law and Declarations of Plaintiff's counsel, Plaintiff respectfully moves for an order consistent with the proposed preliminary approval order attached as Exhibit A to the Settlement Agreement, a copy of which will be submitted to chambers in Word format per local rules.

7

Case 3:20-cv-00092   Document 56   Filed 12/22/21   Page 7 of 9 PageID #: 289

Dated:  December 22, 2021					Respectfully submitted,

**MCWHERTER SCOTT BOBBITT PLC**

By: *s/ J. Brandon McWherter*
J. BRANDON McWHERTER - #21600
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
(615) 354-1144
brandon@msb.law

T. JOSEPH SNODGRASS (admitted pro hac vice)
LARSON • KING, LLP
30 East Seventh St., Suite 2800
St. Paul, MN 55101
(651) 312-6500
jsnodgrass@larsonking.com

ERIK D. PETERSON (admitted pro hac vice)
MEHR, FAIRBANKS & PETERSON
TRIAL LAWYERS. PLLC
201 West Short Street, Suite 800
Lexington, KY 40507
(859) 225-3731
edp@austinmehr.com

**Attorneys for Plaintiffs and
Putative Class Representatives**

**CERTIFICATE OF SERVICE**

       I, the undersigned, do hereby certify that a true and exact copy of this Motion has been mailed electronically via the Court's electronic filing system on this the 22nd day of December 2021 to all counsel of record:

 John S. Hicks
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 800
Nashville, TN 37201
jhicks@bakerdonelson.com

                                                *s/ J. Brandon McWherter*

9

Case 3:20-cv-00092    Document 56    Filed 12/22/21    Page 9 of 9 PageID #: 291