IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HELPING HANDS HOME
IMPROVEMENT, LLC, individually
and on behalf all others similarly situated,

      Plaintiff,

v.

SELECTIVE INSURANCE COMPANY
OF SOUTH CAROLINA, MESA
UNDERWRITERS SPECIALTY INSURANCE
COMPANY, SELECTIVE INSURANCE
COMPANY OF AMERICA, SELECTIVE
INSURANCE COMPANY OF THE
SOUTHEAST, SELECTIVE WAY INSURANCE
COMPANY, SELECTIVE CASUALTY
COMPANY, and SELECTIVE FIRE AND
CASUALTY COMPANY,

      Defendants.

Civil Action No. 3:20-cv-00092
JURY DEMANDED

Magistrate Judge Frensley

### PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure and the parties' Settlement Agreement, Plaintiff Helping Hands Home Improvement, LLC ("Plaintiff"), on behalf of itself and the proposed Settlement Classes (collectively "Plaintiffs"), respectfully moves the Court for an order certifying this case as a class action solely for purposes of settlement, and further ordering final approval in accordance with the terms and conditions set forth in the proposed Final Approval Order. Defendants Selective Insurance Company of South Carolina (hereinafter "SICSC"), Mesa Underwriters Specialty Insurance Company ("Mesa"), Selective Insurance

Company of America ("SICA"), Selective Insurance Company of the Southeast ("SICSE"), Selective Way Insurance Company ("SWIC"), Selective Casualty Company ("SCA"), and Selective Fire and Casualty Company ("SFCC") (collectively "Defendants") do not oppose this motion for final approval of a settlement.[1]

For purposes of final approval of settlement, the parties seek final certification of the following Settlement Class provisionally certified by the Court on January 20, 2022 (Dkt. 58, PageID.438, at ¶3):

> All policyholders within the Tennessee Settlement Class, Kentucky Settlement Class, Ohio Settlement Class, South Carolina Settlement Class, or Illinois Settlement Class, but excluding (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider (*i.e.*, by express use of the words "depreciation" and "labor"); (ii) policyholders who received one or more ACV Payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without ACV Payment; (iv) Defendants and their officers and directors; (v) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (vi) Class Counsel and their immediate families (collectively, "Exclusions").
>
> "Tennessee Settlement Class" means, except for Exclusions, all policyholders under any personal lines or commercial lines insurance policy issued by one of the Defendants and who made: (a) Structural Loss claim for property located in the State of Tennessee during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.
>
> "Kentucky Settlement Class" means except for Exclusions, all policyholders under any personal lines or commercial lines insurance policy issued by one of the Defendants and who made: (a) Structural Loss claim for property located in the State of Kentucky during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

---

[1] Defendants deny liability and, absent settlement, intend to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

"Ohio Settlement Class" means except for Exclusions, all policyholders under any personal lines or commercial lines insurance policy issued by one of the Defendants and who made: (a) Structural Loss claim for property located in the State of Ohio during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"South Carolina Settlement Class" means except for Exclusions, all policyholders under any personal lines or commercial lines insurance policy issued by one of the Defendants and who made: (a) Structural Loss claim for property located in the State of South Carolina during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

"Illinois Settlement Class" means except for Exclusions, all policyholders under any personal lines or commercial lines insurance policy issued by one of the Defendants and who made: (a) Structural Loss claim for property located in the State of Illinois during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The Class Periods mean the following time periods:

i. For Tennessee policyholders, policyholders whose first Structural Loss claim payment (or notification of claim below deductible) was issued on or after January 31, 2018.
ii. For Kentucky policyholders, policyholders whose first Structural Loss claim payment (or notification of claim below deductible) was issued on or after April 15, 2018.
iii. For Ohio policyholders, policyholders whose first Structural Loss claim payment (or notification of claim below deductible) was issued on or after April 15, 2018.
iv. For South Carolina policyholders, policyholders whose first Structural Loss claim payment (or notification of claim below deductible) was issued on or after April 15, 2017.
v. For Illinois policyholders, policyholders whose first Structural Loss claim payment (or notification of claim below deductible) was issued on or after April 15, 2018.

All Class Periods end on April 25, 2021.

*Id.*

In support of this unopposed Motion, Plaintiff submits the following:

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because the class includes at least 5,494 potential Settlement Class Members.

3. Commonality under Rule 23(a)(2) is satisfied for a proposed settlement class because there are questions of law or fact common to all members of the proposed class including but not limited to the single, predominating question presented—*i.e.*, whether Defendants may withhold labor as depreciation under Defendants' property insurance policies.

4. Typicality under Rule 23(a)(3) is satisfied for a proposed settlement class because Plaintiff made a claim under one of Defendants' standard-form insurance policies, and Defendants withheld labor in making actual cash value payments to Plaintiff. The proposed class representative's claim arose from the underpayment of its ACV claim, and its claim relating to the issue of labor depreciation is identical in all respects to the claims of the putative class.

5. Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiff has fairly and adequately represented and protected the interests of the putative class. Plaintiff has no interest that conflicts with those of the class. Further, it retained experienced counsel competent and experienced in class action and insurance litigation.

4

Case 3:20-cv-00092   Document 61   Filed 04/26/22   Page 4 of 8 PageID #: 460

6. As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendants' policies. Superiority is satisfied for a settlement class because of, *inter alia*, the thousands of small value claims at issue and the interests of the parties and judicial economy favor settlement.

7. Pursuant to Rule 23(e)(3), Plaintiff states that the only agreement at issue is Class Action Settlement Agreement filed on December 22, 2021. Dkt. 56-1, PageID.292.

8. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018).

9. As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for final approval. In summary, the proposed Settlement here contains five related classes: a Tennessee class, a Kentucky class, an Ohio class, a South Carolina class, and an Illinois class. For Tennessee, Kentucky, and Ohio Class Members who submit claim forms, the Settlement will result in 100% net recovery of withheld Nonmaterial Depreciation for Class Members who still have outstanding labor withheld from their prior ACV

5

Case 3:20-cv-00092   Document 61   Filed 04/26/22   Page 5 of 8 PageID #: 461

claim payments, plus simple interest at the rate of 5% from the date of the first ACV payment to January 20, 2022 (*i.e.,* the date of preliminary approval of the Settlement). For South Carolina and Illinois class members who submit claim forms, the Settlement will result in 80% net recovery of withheld Nonmaterial Depreciation for Class Members who still have outstanding labor withheld from their prior ACV claim payments, plus simple interest at the rate of 5% from the date of the first ACV payment to January 20, 2022. For Tennessee, Kentucky, Ohio, South Carolina, and Illinois class members who submit claim forms and for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid, the Settlement will result in a one-time payment in lieu of interest accruing on the amounts of Nonmaterial Depreciation withheld for the time until the date all Nonmaterial Depreciation was paid.

10. Attorneys' fees, costs, class notice, and claims administration costs are to be paid separately by Defendants and will not reduce the amount of any Class Member's recovery.

11. The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement Agreement. In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the practice of withholding labor as depreciation). All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

12. The settlement was reached through arms-length settlement negotiations, as attested to by Class Counsel in the accompanying Declarations.

WHEREFORE, for these reasons and those set forth the accompanying Memorandum, Plaintiffs respectfully move for an order consistent with the proposed Final Approval Order previously filed with the Court. Dkt. 56-1, PageID.373-387.

6

Case 3:20-cv-00092   Document 61   Filed 04/26/22   Page 6 of 8 PageID #: 462

Dated: April 26, 2022						Respectfully submitted,

**MCWHERTER SCOTT BOBBITT PLC**

By: *s/ J. Brandon McWherter*
J. BRANDON McWHERTER - #21600
341 Cool Springs Boulvevard
Suite 230
Franklin, TN 37067
(615) 354-1144
brandon@msb.law

T. Joseph Snodgrass (admitted *pro hac vice*)
SNODGRASS LAW LLC
100 South Fifth Street
Suite 800
Minneapolis, MN 55402
(612) 448-2600
jsnodgrass@snodgrass-law.com

ERIK D. PETERSON (admitted *pro hac vice*)
ERIK PETERSON LAW OFFICES
249 E. Main Street
Suite 150
Lexington, KY 40507
(800) 614-1957
erik@eplo.law

**Attorneys for Plaintiff and
Putative Class Representative**

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that a true and exact copy of this Motion has been mailed electronically via the Court's electronic filing system on this 26th day of April 2022 to all counsel of record:

John S. Hicks
Baker, Donelson, Bearman,
  Caldwell & Berkowitz, P.C.
211 Commerce Street
Suite 800
Nashville, TN 37201
jhicks@bakerdonelson.com

                                        *s/ J. Brandon McWherter*